IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| QED, INC., a Nevada corporation; and QUALITY ELECTRICAL SYSTEMS, INC., a Utah corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD HEATH HILLS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT<br><br><br><br>Case No. 2:08-CV-127 TS |

This matter is before the Court on Plaintiffs' Motion to Remand Case to State Court. For the reasons set out below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff QED, a Nevada corporation, filed its Complaint against several Utah Defendants in state court on January 25, 2008. Defendants removed this matter to this Court on February 19, 2008, based on diversity jurisdiction. After removal, Plaintiff filed an Amended Complaint on March 13, 2008. The Amended Complaint added Plaintiff QES, a Utah corporation. Along with their Amended Complaint, Plaintiffs filed a Motion to Remand arguing that, with the addition of

QES, complete diversity was destroyed and the matter should be remanded to state court. Defendants oppose the Motion to Remand.

## II.  DISCUSSION

"It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant."[1]  "Moreover, '[d]iversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action.'"[2]  "However, diversity jurisdiction will be destroyed if it is determined that the later-joined, non-diverse party was indispensable to the action at the time it commenced."[3]  "The issue of indispensability, generally, is not waivable, and is one which courts have an independent duty to raise *sua sponte*."[4]

"Whether a party is indispensable is determined by considering the factors set forth in Fed.R.Civ.P. 19."[5]  "The analysis has two parts: 'first, we must determine whether a party is necessary under 19(a); second, we must determine whether it is indispensable under 19(b).'"[6]

---

[1] *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1095–96 (10th Cir. 2003).

[2] *Id*. at 1096 (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam)).

[3] *Id*.

[4] *Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006).

[5] *Salt Lake Tribune*, 320 F.3d at 1096.

[6] *Id*. (quoting *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996)). Rule 19 was amended in 2007.  This does not change the Court's analysis as the 2007 amendments were intended to be stylistic only.

Rule 19 provides, in pertinent part:

**(a) Persons Required to Be Joined if Feasible.**
(1) Required party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that persons' absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(I) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
* * *
**(b) When Joinder is Not Feasible.**  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:
(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Here, QES certainly has an interest relating to the subject of the action.  QES manufactures and assembles the products that are sold by QED.  QED then markets and sells those products.  Plaintiffs allege that Defendants have misappropriated proprietary information that belonged to QES and that QES sustained damages as a result of Defendants' actions.  Thus, QES's and QED's claims arise out of the same basic facts.  If QES is not added to this action, that may impair or impede the QES's ability to protect its interests in its proprietary information.  In addition to having an interest which may be impaired, QES represents that if it were not a party to this action, it would commence a separate action against Defendants.  QES's absence

from this litigation may leave Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of QES's interest. This was the harm that Rule 19 was partially designed to avoid.[7]

As joinder of QES would destroy complete diversity and render the Court without subject matter jurisdiction, the Court must next consider the factors set out in Rule 19(b). As noted above, the factors the Court is to consider are: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The first factor considers the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties. This factor "considers the need to protect absent persons from litigation adversely affecting their interests and the need to protect those who are parties from the threat of multiple actions."[8] Here, a judgment rendered in QES's absence may prejudice QES. Additionally, there is a real threat of multiple actions.

---

[7]*See id.*

[8]*Glenny v. Am. Metal Climax, Inc.*, 494 F.2d 651, 654 (10th Cir. 1974). *See also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1608 (3d. ed. 2008) (Prejudice "is a useful referent because it emphasizes both the need to protect absent persons from litigation that might adversely affect their interests in the subject matter of the action and the need to protect those who are parties from the threat of multiple actions, which would involve additional expense to the litigants and to the judicial system, and would increase the possibility of inconsistent determinations.").

The second factor considers the extent to which any prejudice could be lessened or avoided by: protective provisions in the judgment; shaping the relief; or other measures. Here, there is no way to lessen the harm.

The third factor is whether a judgment rendered in the person's absence would be adequate. "The concern underlying this factor is not the plaintiff's interest 'but that of the courts and the public in complete, consistent, and efficient settlement of controversies,' that is, the 'public stake in settling disputes by wholes, whenever possible.'"[9] "This consideration promotes judicial economy by avoiding going forward with actions in which the court may end up rendering hollow or incomplete relief because of the inability to bind persons who could not be joined."[10] As noted, judicial economy would be promoted by allowing QES to join this action. If QES is not part of this action, this dispute will not be wholly settled.

The fourth factor determines whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. While the absence of an alternative forum weighs heavily, if not conclusively against dismissal, the existence of another forum does not have as significant an impact in favor of dismissal.[11] Here, Plaintiff would have an adequate remedy as this case would be remanded to state court.

---

[9] *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1293 (10th Cir. 2003) (quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)).

[10] 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1608.

[11] *Rishell v. Jane Phillips Episcopal Memorial Med. Ctr.*, 94 F.3d 1407, 1413 (10th Cir. 1996).

From the above, the Court finds that QES is an indispensable party and should be joined. As QES is a Utah resident, as are the Defendants, complete diversity is destroyed and the Court lacks jurisdiction. Thus, the case will be remanded to state court.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Remand Case to State Court (Docket No. 8) is GRANTED.  The hearing set for May 21, 2008, at 3:00 p.m. is STRICKEN.

DATED   May 21, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge